IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James C. Whaley, | ) | |
| | ) | C.A. No. 4:20-4366-HMH-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden, Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] James C. Whaley ("Whaley") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation filed on August 18, 2021, Magistrate Judge Rogers recommends granting the Respondent's motion for summary judgment and dismissing Whaley's petition. (R&R, generally, ECF No. 61.)

Whaley filed timely objections to the Report and Recommendation on August 30, 2021.[2] (Obj., generally, ECF No. 63.) Objections to the Report and Recommendation must be specific.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Whaley's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Whaley objects that his claims are not procedurally defaulted because he is actually innocent of his South Carolina convictions for indecent exposure, disseminating harmful materials to a minor, and lewd act upon a child. (Objs. 3-7, ECF No. 63.)

To successfully show that a procedural default will result in a miscarriage of justice, a habeas petitioner must show that he is "actually innocent." Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009). A demonstration of actual innocence requires a petitioner to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Further, the evidence must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

Whaley presents no new evidence. To the contrary, he admits the conduct, but alleges that he did not have any criminal intent. (Objs. 3-7, ECF No. 63.) There is no basis to support any claim of actual innocence. Therefore, this objection is wholly without merit. After a

thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 34, is granted. It is further

**ORDERED** that Whaley's petition, docket number 1, is dismissed. It is further

**ORDERED** that the remaining outstanding motion, Respondent's motion to strike, docket number 32, is dismissed as moot. It is further

**ORDERED** that a certificate of appealability is denied because Whaley has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
September 2, 2021

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.